**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JEREMY BALDUC,

      Plaintiff,

v.

GOGEBIC COUNTY; GOGEBIC COUNTY
SHERIFF'S OFFICE; and JORGE H. CRUZ, in his
individual and official capacities,

      Defendants.

Case No. _____

JURY TRIAL DEMANDED

---

### COMPLAINT AND JURY DEMAND

Plaintiff Jeremy Balduc, by and through counsel, brings this civil rights action against

Defendants Gogebic County, the Gogebic County Sheriff's Office, and Sheriff Jorge H. Cruz.

Plaintiff alleges as follows:

### JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

### NATURE OF THE ACTION

This is an employment discrimination and retaliation case arising from Defendants' refusal

to allow Plaintiff to serve with or represent the Gogebic County Sheriff's Office and related

volunteer groups because of disability, perceived disability, disability-related assumptions, and

retaliatory animus arising from Plaintiff's prior civil rights activity and complaints involving local

law enforcement.

Plaintiff is a qualified individual with a disability. He has mild autism and anxiety. He is

also over forty years old. Plaintiff sought work and public service opportunities in law

enforcement, fire, and emergency services. Defendants refused to consider him fairly and instead

relied on a purported "long list of negative contacts" with the Sheriff's Office and law enforcement

generally, even though Plaintiff had not been convicted of the type of offense Defendants

1

suggested and had not been afforded any meaningful process to correct, rebut, or contextualize the records being used against him.

Defendants' actions have harmed Plaintiff's ability to obtain work in his community. Local governmental agencies and emergency services departments have relied on or referenced background information connected to law enforcement records, including records and reports Plaintiff disputes. Plaintiff seeks damages, equitable relief, correction of records, and an order requiring Defendants to cease using disability-based stereotypes, retaliation, and inaccurate law enforcement records to bar him from employment and public service opportunities.

**PARTIES**

1.    Plaintiff Jeremy Balduc is a resident of Ironwood, Gogebic County, Michigan.

2.    Plaintiff has mild autism and anxiety. These conditions affect, among other things, communication, social interaction, stress tolerance, concentration, and the manner in which he navigates governmental and employment processes.

3.    Defendant Gogebic County is a Michigan county and public employer. It operates, manages, controls, and is legally responsible for the Gogebic County Sheriff's Office and for employment, volunteer, public service, and public safety opportunities under the Sheriff's Office.

4.    Defendant Gogebic County Sheriff's Office is a law enforcement agency located at 100 W. Iron Street, Bessemer, Michigan. To the extent the Sheriff's Office is not a separate suable entity under Michigan law, it is named to preserve Plaintiff's claims as the entity identified in the EEOC charge, and Plaintiff pleads those claims against Gogebic County as the proper governmental entity responsible for the Sheriff's Office.

5.    Defendant Jorge H. Cruz is the Sheriff of Gogebic County. He acted under color of state law and within the scope of his authority for Gogebic County and the Gogebic County

2

Sheriff's Office. He is sued in his official capacity for declaratory and injunctive relief and in his individual capacity for state-law claims to the extent permitted by law.

### JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims arise from the same case or controversy as the federal claims.

8. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Gogebic County, Michigan, which is within the Western District of Michigan, and because Defendants reside in this District for venue purposes.

9. Plaintiff exhausted his administrative remedies for his ADA claims by filing an EEOC charge against Gogebic County/Gogebic County Sheriff's Department, Charge No. 23A-2026-00552.

10. The EEOC issued a Determination and Notice of Rights on March 2, 2026. This action is filed within ninety days of Plaintiff's receipt of the Notice of Rights.

### FACTUAL ALLEGATIONS

11. Plaintiff has long sought to serve his community through law enforcement, fire, emergency services, and related public safety roles.

12. Plaintiff applied for opportunities associated with the Gogebic County Sheriff's Office and related volunteer groups overseen by Sheriff Cruz.

13.     Plaintiff was qualified to be considered for such opportunities. He had education and certifications relevant to automotive technology and public safety, and he was enrolled at Gogebic Community College in a criminal justice program.

14.     Plaintiff also applied for on-call firefighter positions with nearby public safety departments, including the City of Wakefield Fire Department and the City of Ironwood Fire Department.

15.     Plaintiff has mild autism and anxiety. Defendants knew or should have known that Plaintiff had a disability or was perceived as disabled based on Plaintiff's communications, prior complaints, and the manner in which Defendants interacted with him.

16.     Plaintiff's disability does not prevent him from performing the essential functions of the positions and opportunities for which he applied, with or without reasonable accommodation.

17.     Instead of evaluating Plaintiff individually and fairly, Defendants relied on generalized assumptions, disputed law enforcement contacts, and disability-based perceptions about Plaintiff's communications and history.

18.     Sheriff Cruz told Plaintiff, in substance, that he stood by his position statement and that based on Plaintiff's "long list of negative contacts" with the Sheriff's Office and law enforcement generally, Plaintiff would not represent Sheriff Cruz or the Gogebic County Sheriff's Office volunteer groups that Sheriff Cruz oversees.

19.     Sheriff Cruz further instructed Plaintiff not to contact him again regarding the matter and stated that Plaintiff should call 911 in the event of an emergency.

20. That communication was an adverse action. It excluded Plaintiff from the opportunity to serve in or represent the Sheriff's Office volunteer groups and chilled Plaintiff from further seeking employment or public service opportunities with the Sheriff's Office.

21. Defendants' stated reliance on a "long list of negative contacts" was vague, overbroad, and discriminatory. Defendants did not identify a specific disqualifying conviction or lawful, job-related basis for a blanket exclusion.

22. Plaintiff disputes the records and characterizations being used against him. Plaintiff has consistently maintained that he was not arrested or charged for impersonating a police officer, did not dress up as a police officer, and did not possess a badge that said he was a police officer.

23. Plaintiff also disputes the use of an old, terminated personal protection order from approximately 2009 as a basis to bar him from law enforcement, fire, emergency services, and public safety opportunities years later.

24. Defendants did not provide Plaintiff with a meaningful opportunity to correct, explain, or challenge the records and characterizations being used against him.

25. Defendants did not engage in an individualized assessment of Plaintiff's qualifications, disability, requested opportunity, or ability to perform the relevant duties.

26. Defendants did not engage in an interactive process or consider whether any reasonable accommodation would allow Plaintiff to participate in the employment or volunteer opportunity at issue.

27. Defendants' refusal was also retaliatory. Plaintiff had previously raised civil rights concerns and concerns about the conduct of local law enforcement, including concerns involving Sheriff Cruz and the Gogebic County Sheriff's Office.

28. Plaintiff alleges that Sheriff Cruz and the County treated Plaintiff's prior civil rights activity and complaints as a reason to exclude him from employment and public service opportunities.

29. Plaintiff further alleges that Defendants used his disability, perceived disability, communications, and disputed law enforcement history as a pretext to retaliate against him and to prevent him from serving in positions connected to law enforcement, fire, and emergency services.

30. The consequences extended beyond the Sheriff's Office. The City of Wakefield later denied Plaintiff's application for an on-call firefighter position, citing geographic distance and "background review findings." Plaintiff alleges that the background concerns trace, at least in part, to disputed law enforcement records and characterizations connected to Gogebic County and local law enforcement.

31. The City of Ironwood also denied Plaintiff's application for a position with its Fire Department. In doing so, it acknowledged Plaintiff's concern that hiring decisions in the area were being influenced by disabilities, although it denied that disability was the reason for his exclusion.

32. The repeated use of disputed background information has impaired Plaintiff's ability to obtain public safety employment in his own community.

33. Plaintiff is unemployed and has suffered lost employment opportunities, emotional distress, anxiety, humiliation, reputational harm, and loss of community service opportunities.

34. Plaintiff seeks damages and equitable relief, including correction or removal of inaccurate or unlawfully used records, a fair individualized consideration process, and an

order prohibiting Defendants from retaliating against him or using disability-based

stereotypes or disputed law enforcement contacts to bar him from employment and public

service opportunities.

## COUNT I
### DISABILITY DISCRIMINATION AND FAILURE TO HIRE
### AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. § 12112
### Against Gogebic County and the Gogebic County Sheriff's Office

35.    Plaintiff incorporates all preceding paragraphs as though fully restated herein.

36.    Plaintiff is a qualified individual with a disability within the meaning of the ADA.

Plaintiff also was regarded as disabled by Defendants.

37.    Plaintiff was qualified for the employment, volunteer, and public service opportunities

for which he sought consideration, with or without reasonable accommodation.

38.    Defendants refused to hire, select, or permit Plaintiff to serve with or represent the

Sheriff's Office and related volunteer groups.

39.    Plaintiff's disability, perceived disability, disability-related communications, and

disability-based stereotypes were motivating factors in Defendants' decision to exclude

him.

40.    Defendants' stated reliance on negative law enforcement contacts was vague, overbroad,

non-individualized, and pretextual.

41.    Defendants violated the ADA by denying Plaintiff a fair opportunity for employment or

service because of disability, perceived disability, and disability-based assumptions.

42.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered

damages, including lost opportunities, emotional distress, reputational harm, and other

compensable losses.

7

## COUNT II
## ADA RETALIATION AND INTERFERENCE
### 42 U.S.C. § 12203
**Against Gogebic County and the Gogebic County Sheriff's Office**

43.    Plaintiff incorporates all preceding paragraphs as though fully restated herein.

44.    Plaintiff engaged in protected activity by opposing disability discrimination, raising civil rights concerns, and challenging the manner in which local law enforcement and public entities treated him.

45.    Defendants knew of Plaintiff's protected activity.

46.    Defendants took adverse actions against Plaintiff by refusing to consider him fairly, excluding him from opportunities, instructing him not to contact the Sheriff regarding the matter, and relying on disputed negative records and contacts to bar him from public safety opportunities.

47.    Defendants' actions would deter a reasonable person from engaging in protected activity.

48.    Plaintiff's protected activity was a motivating factor in Defendants' actions.

49.    Defendants also interfered with Plaintiff's exercise and enjoyment of rights protected by the ADA by using Plaintiff's disability-related communications and disputed background information to chill or prevent him from seeking employment or public service opportunities.

50.    As a direct and proximate result of Defendants' retaliation and interference, Plaintiff suffered damages, including lost opportunities, emotional distress, reputational harm, and other compensable losses.

## COUNT III
## DISABILITY DISCRIMINATION
## MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
### Mich. Comp. Laws § 37.1202
**Against All Defendants**

51.    Plaintiff incorporates all preceding paragraphs as though fully restated herein.

8

52. Plaintiff has a disability or was perceived as disabled within the meaning of Michigan law.

53. Plaintiff was qualified for the opportunities he sought.

54. Defendants denied Plaintiff employment, selection, participation, or fair consideration because of disability, perceived disability, and disability-related stereotypes.

55. Defendants' conduct violated the Elliott-Larsen Civil Rights Act.

56. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages, including lost opportunities, emotional distress, humiliation, reputational harm, and other compensable losses.

## COUNT IV
## RETALIATION
## MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
### Mich. Comp. Laws § 37.2701
### Against All Defendants

57. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

58. Plaintiff opposed conduct he reasonably believed to be discriminatory and raised civil rights concerns involving local law enforcement and public entities.

59. Defendants knew of Plaintiff's protected activity.

60. Defendants retaliated against Plaintiff by excluding him from opportunities, relying on disputed negative contacts, refusing to consider him fairly, and instructing him not to contact the Sheriff regarding the matter.

61. Defendants' conduct would dissuade a reasonable person from pursuing or supporting civil rights complaints.

62. Plaintiff's protected activity was a motivating factor in Defendants' actions.

9

63.    As a direct and proximate result of Defendants' retaliation, Plaintiff suffered damages, including lost opportunities, emotional distress, reputational harm, and other compensable losses.

## COUNT V
## PROCEDURAL DUE PROCESS AND STIGMA-PLUS
## 42 U.S.C. § 1983
### Against Gogebic County and Sheriff Cruz

64.    Plaintiff incorporates all preceding paragraphs as though fully restated herein.

65.    Defendants acted under color of state law.

66.    Defendants maintained, used, or relied on disputed negative law enforcement records and characterizations that branded Plaintiff as unfit to serve in law enforcement, fire, emergency services, and public safety roles.

67.    Plaintiff alleges that these records and characterizations were false, misleading, incomplete, or used in a manner that created a materially false impression of Plaintiff's history and fitness for public safety work.

68.    Defendants' conduct caused more than reputational harm. It altered Plaintiff's legal and practical status by excluding him from public safety opportunities and impairing his ability to obtain employment or public service positions in his community.

69.    Defendants did not provide Plaintiff with adequate notice of the specific disqualifying information being used against him or a meaningful opportunity to rebut, correct, or clear his name.

70.    Defendants' conduct deprived Plaintiff of liberty and property interests protected by the Fourteenth Amendment without due process of law.

71.    Plaintiff seeks damages and equitable relief, including a name-clearing process, correction of inaccurate records, and an order barring Defendants from continuing to use

10

false or misleading information to exclude him from employment and public service opportunities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jeremy Balduc respectfully requests that this Court enter judgment in his favor and against Defendants and award the following relief:

A.  Declaratory judgment that Defendants violated Plaintiff's rights under the ADA, the Elliott-Larsen Civil Rights Act, and the Fourteenth Amendment;

B.  Injunctive relief requiring Defendants to cease using disability-based stereotypes, retaliatory considerations, and false or misleading law enforcement records to bar Plaintiff from employment or public service opportunities;

C.  Equitable relief requiring Defendants to provide Plaintiff with a meaningful name-clearing and record-correction process;

D.  Equitable relief requiring Defendants to fairly and individually consider Plaintiff for available employment, volunteer, or public service opportunities for which he is qualified;

E.  Back pay, front pay, and lost benefits to the extent applicable;

F.  Compensatory damages for emotional distress, humiliation, anxiety, reputational harm, and other non-economic losses;

G.  Economic damages for lost opportunities, out-of-pocket losses, and other financial harm;

H.  Punitive or exemplary damages against individual Defendants to the extent permitted by law;

I.  Prejudgment and post-judgment interest;

J.  Reasonable attorney fees, costs, and expenses under all applicable statutes and rules; and

K.  All other relief this Court deems just and equitable.

11

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

CARLA D. AIKENS, PLC

By: */s/ Carla D. Aikens*
Carla D. Aikens (P69530)
615 Griswold St., Suite 709
Detroit, MI 48226
Phone: (844) 835-2993
Email: carla@aikenslawfirm.com
*Attorney for Plaintiff*

Dated: May 4, 2026

12